IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>SIERRA WIRELESS AMERICA, INC., a Delaware corporation, and SIERRA WIRELESS, INC., a Canadian corporation,<br><br>  Defendants. | C.A. No. 12-030-RGA |

**PLAINTIFF M2M SOLUTIONS LLC MOTION TO STAY THIS CASE UNTIL RESOLUTION OF RELATED CO-PENDING CASES**

Plaintiff M2M Solutions LLC ("M2M Solutions") moves to stay the above-captioned case against Defendants Sierra Wireless America, Inc.'s and Sierra Wireless, Inc. (collectively, "Sierra") in its entirety until such time as M2M Solutions' co-pending cases against Enfora/Novatel (C.A. No. 12-032) and Telit (C.A. No. 12-033) are resolved or become ripe for appeal.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

**A.    All Of Sierra's Accused Products Are Non-Infringing Under the Court's Claim Construction Order**

M2M Solutions has asserted infringement of U.S. Patent Nos. 7,583,197 and 8,094,010 (collectively, the "patents-in-suit") against Defendants in five co-pending matters, including the instant case against Sierra. *See* C.A. Nos. 12-030-RGA, 12-031-RGA, 12-032-RGA, 12-033-RGA, 12-034-RGA. On November 12, 2013, the Court issued a claim construction order (the "Order") construing the patents-in-suit for all five cases. (D.I. 92). M2M

Solutions and Sierra agree that, under the Court's Order, all of Sierra's accused products are non-infringing.  However, M2M Solutions continues to move forward to trial with viable patent infringement theories in two of the co-pending cases -- *see* C.A. Nos. 12-032 ("Enfora/Novatel"), 12-033 ("Telit") -- that target inbound call filtering list features which are absent from Sierra's accused products.

In the aftermath of the Court's claim construction Order, counsel for Sierra sent a letter demanding that M2M Solutions "immediately stipulate to a [consent] judgment of non-infringement in favor of Sierra." (D.I. 122 at Exh. 1).  M2M Solutions agreed that this was necessary, and subsequently submitted multiple versions of joint draft consent judgments of non-infringement for Sierra's approval which have each been rejected by Sierra for reasons that remain unclear.

### B. Sierra Has Moved To Amend Its Pleadings With Untimely Counterclaims To Defeat Finality Of Judgment

On January 31, 2014, Sierra filed a still-pending motion with the Court requesting leave to amend its pleadings to add counterclaims so as to foreclose M2M Solutions' ability to take an immediate appeal of the Court's claim construction up to the Federal Circuit. (D.I. 116)[1].  In its briefings, Sierra also stated that if its motion for leave is denied, it would subsequently move for a stay of the entire case. (D.I. 117 at 12-14; D.I. 124 at 1, 9-10).  Sierra noted that the Court would be well justified in "stay[ing] [this case] pending the resolution of the related Telit and Enfora/Novatel cases in the interests of judicial efficiency." (D.I. 124 at 10).  As Sierra explained, a "stay would stay this case," including any entry of a consent judgment, "and would

---

[1] As M2M Solutions has previously demonstrated, Sierra's request to inject untimely invalidity counterclaims into this case is made without any proper legal basis and solely for purposes of gaining an unfair tactical advantage.  M2M Solutions continues to strongly oppose the granting of any such leave for all the reasons previously stated in its Answering Brief. (D.I. 121).

enable continued litigation of ripe claims in the related cases." (*Id.* at 9). This echoed the position that Sierra's counsel had taken in a post-*Markman* letter to M2M Solutions which asserted that the present case should no longer "proceed . . . at the trial court level." (D.I. 122 at Exh. 1). In February, M2M Solutions opposed Sierra's motion on grounds that it should be permitted to appeal the Court's claim construction in the present case while simultaneously proceeding to trial under significantly different infringement theories against Telit and Enfora/Novatel in the related co-pending cases. (D.I. 121).

Subsequently, at a discovery conference held on March 21, 2013, the Court indicated that although the parties' procedural posture presented a "complicated issue that requires some [further] thought," the Court's usual preference was not "to have the same thing going on in two different places at the same time" as would be the circumstance if M2M was permitted to simultaneously appeal against Sierra while proceeding to trial against Telit and Enfora/Novatel in the other related cases. (*See* March 21, 2013 Hearing Tr. at 42, 45).

## II. ARGUMENT

### A. M2M Solutions Requests That This Case Be Stayed Pending the Resolution of Related Cases

In deference to the Court's preference expressed at the discovery hearing, M2M Solutions has reconsidered its position and now moves for a complete stay of this case, including staying any formal entry by the Court of a consent judgment of non-infringement.[2] As envisioned by the parties, the stay would presumably remain in effect until such time as both the Telit and Enfora/Novatel cases have either settled or have produced final appealable judgments,

---

[2] M2M would likewise be willing to agree to a complete stay relative to other similarly situated Defendants in the related co-pending cases whose accused products are also non-infringing under the Court's claim construction Order.

3

whichever comes first.  M2M Solutions informed Sierra of its willingness to agree to the complete stay several weeks ago.

The Court has so far not granted Sierra's motion to amend, which means that Sierra has asserted *only* affirmative defenses in the present case and *no* counterclaims. Accordingly, a complete stay of this case is warranted because, as a matter of law, Sierra's invalidity defenses became moot upon entry of the Court's claim construction Order establishing non-infringement.  (*See* Answering Brief, D.I. 121 at 17).  Indeed, "[w]here invalidity is raised as an affirmative defense," it becomes moot upon a "determination of non-infringement," and "it is not necessary for the reviewing court to address the validity issue."  (*Id.*) (quoting *Solomon Techs., Inc. v. Int'l Trade* Comm'n, 524 F.3d 1310, 1319 (Fed. Cir. 2008); *Aerotel, Ltd. v. Telco Group, Inc.*, 433 Fed. Appx. 903, 916-17 (Fed. Cir. 2011) (same); *Boss Control v. Bombardier Inc.*, 410 F.3d 1372, 1376 n.1 (Fed. Cir. 2005) ("Since there are no pending counterclaims with respect to invalidity, the district court entered a proper final judgment.")).

Moreover, as a practical matter, given that M2M is effectively foregoing its right to take an immediate appeal, a complete stay of this case would greatly promote judicial efficiency regardless of whether the Court allows Sierra to plead new counterclaims.  (*See* Answering Brief, D.I. 121 at 19).  If the Federal Circuit ultimately upholds this Court's claim construction under which Sierra is free from liability, then any continued litigation herein between M2M and Sierra regarding invalidity issues will have been a completely unnecessary and wasteful endeavor.  (*Id.*)  Alternatively, if the Federal Circuit alters this Court's claim construction, then the parties' continued litigation herein over invalidity may well become useless as having been directed to incorrect claim scope.  (*Id.*)

4

### III. CONCLUSION

Accordingly, M2M respectfully requests that the Court forthwith enter a complete stay of the present case until such time as both the Telit and Enfora/Novatel cases have either settled or have produced final appealable judgments, whichever comes first.

### CERTIFICATION OF COUNSEL PURSUANT TO LR 7.1.1

The undersigned counsel certifies that M2M made substantial efforts to resolve this motion prior to its filing, including a telephone request, and follow-up email request, and the sharing of a final draft of the motion, but no agreement was forthcoming.

May 12, 2014

OF COUNSEL:

FOLEY & LARDNER LLP
Marc N. Henschke
111 Huntington Avenue, Suite 2600
Boston, MA  02199
(617) 342-4000
mhenschke@foley.com

Jeffrey N. Costakos
Kadie M. Jelenchick
777 E Wisconsin Avenue
Milwaukee, WI  53202
(414) 271-2400
jcostakos@foley.com
kjelenchick@foley.com

Jason J. Keener
321 North Clark Street
Chicago, IL 60654
(312) 832-4500
jkeener@foley.com

BAYARD, P.A.

 /s/ *Richard D. Kirk*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
M2M SOLUTIONS LLC

4840-4121-9866.3