IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOULTIONS LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 12-30-RGA |
| | : |
| SIERRA WIRELESS AMERICA INC., et al., | : |
| | : |
| Defendants. | : |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOULTIONS LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 12-32-RGA |
| | : |
| ENFORA INC., et al., | : |
| | : |
| Defendants. | : |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOULTIONS LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 12-33-RGA |
| | : |
| MOTOROLA SOLUTIONS INC., et al.. | : |
| | : |
| Defendants. | : |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOULTIONS LLC, | : |
|             Plaintiff, | : |
| v. | :   Civil Action No. 12-34-RGA |
| SIMCOM WIRELESS SOLUTIONS CO., LTD., et al., | : |
|             Defendants. | : |

**MEMORANDUM ORDER**

I address case management issues in these related cases.

By way of background, Plaintiff filed these five cases, against more than five distinct defendant groups, alleging, for the most part, infringement of two patents (the '197 and '010 patents) with a common specification. I construed various terms after a Markman hearing. (*E.g.*, No. 12-34, D.I. 80). In some instances, I found terms to be indefinite, which means that the '197 patent is invalid. In regard to the '010, some of the defendants now have non-infringement arguments that Plaintiff concedes it cannot oppose. I have stated more than once in this case my preference for limiting the number of appeals.

In No. 12-30 (Sierra), Plaintiff seeks a stay (D.I. 140), and Sierra seeks to continue litigation. (D.I. 147). There is agreement that Plaintiff currently has no case against Sierra, but Sierra has additional non-infringement arguments that it would like to have decided. The case is well-advanced. Resolving the additional non-infringement arguments would assist Sierra in avoiding piecemeal appeals and prolonged litigation if M2M were to be successful on an appeal

of my claim constructions. Therefore, I will **DENY** Plaintiff's motion to stay (D.I. 140), and **GRANT** Defendant's motion to modify the scheduling order. (D.I. 147). I will **DISMISS** the motion to file a sur-reply (D.I. 149) as moot.

In No. 12-31 (Cinterion), the parties filed a stipulation (D.I. 150) which appears to tee that case up for an eventual appeal, to both parties' satisfaction, and have further agreed to a stay pending resolution of the related cases. (D.I. 151). Thus, no action is necessary in No. 12-31, which has been administratively closed.

In No. 12-32 (Novatel/Enfora), the case appears to be on track for a trial on the '010 patent in May 2015 or thereabouts.

In No. 12-33 (Motorola/Telit), the case appears to be on track for a trial on the '010 patent against Telit in May 2015 or thereabouts.[1] Only the '197 trial was asserted against Motorola. Motorola seeks the entry of a final judgment. (D.I. 143). M2M moves to stay. (D.I. 144). Even if I did enter Motorola's proposed final judgment, I would also have to certify it under Rule 54(b). Since I do not think Motorola suffers any prejudice from not being able to appeal now, I would not find that there is "no just reason for delay" in entering a final judgment. I also note that the proposed final judgment is a red-lined version. It does not appear that M2M opposes it substantively. (D.I. 147 at 4). There is some back and forth in regard to expert reports. Thus, I believe the best course would be for M2M and Motorola to agree to a stipulated final judgment, and file it, and to further agree to stay its entry until the other cases are resolved. That is, I think they should do what has occurred in the Cinterion case.[2] Thus, Motorola's motion for

---

[1] I do not think it has been decided whether Novatel/Enfora or Telit is going first, but, in any event, the order of trials is not relevant to this Order.

[2] I do not mean to foreclose the parties from suggesting something else, since I am simply denying their pending motions.

entry of a final judgment (D.I. 143) is **DENIED**, and M2M's motion to stay (D.I. 144) is **DENIED**.

In No. 12-34 (Kowatec), Plaintiff has filed a motion for a stay. (D.I. 113). The parties have not agreed to a judgment, and Kowatec suggests it wants to pursue non-infringement arguments. Thus, for the same reasons as in No. 12-30, I will **DENY** Plaintiff's motion to stay. (D.I. 113).

I request that the parties in Nos. 12-30, 12-33 (M2M and Motorola only), and 12-34, submit a status report within two weeks.

IT IS SO ORDERED this 10th day of June 2014.

                                                                              _/s/ Richard G. Andrews_
                                                                              United States District Judge