IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS LLC, : <br><br> Plaintiff, : <br><br> v. : <br><br> SIERRA WIRELESS AMERICA, INC. and : <br> SIERRA WIRELESS, INC., : <br><br> Defendants. : | Civil Action No. 12-30-RGA |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS LLC, : <br><br> Plaintiff, : <br><br> v. : <br><br> ENFORA, INC., NOVATEL WIRELESS : <br> SOLUTIONS, INC., and NOVATEL : <br> WIRELESS, INC., : <br><br> Defendants. : | Civil Action No. 12-32-RGA |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS LLC, : <br><br> Plaintiff, : <br><br> v. : <br><br> MOTOROLA SOLUTIONS, INC., TELIT : <br> COMMUNICATIONS PLC, and TELIT : <br> WIRELESS SOLUTIONS, INC. : <br> Defendants. : | Civil Action No. 12-33-RGA |

MEMORANDUM ORDER

The Court issued a Memorandum Opinion construing the claims in U.S. Patent No. 8,094,010 ("'010 patent") on November 12, 2013. (D.I. 92). Before the Court is Defendants' Motion for Reconsideration of the Court's Claim Construction of "Processing Module" and "Programmable Interface" Based on the Federal Circuit *En Banc* Decision in *Williamson v. Citrix Online*. (D.I. 180). The motion is fully briefed. (D.I. 180, 195, 198). The Court granted the motion to address an intervening change in the applicable law and heard oral argument on September 24, 2015. (D.I. 194) Upon reflection, for the reasons that follow, the Court reaches the same determination made in its original claim construction opinion. (D.I. 92).

In *Williamson v. Citrix Online, LLC*, the Federal Circuit overruled prior precedent by deciding to "abandon characterizing as 'strong' the presumption that a limitation lacking the words 'means' is not subject to § 112, para. 6." *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015) (en banc). In doing so, the court noted that it "will apply the presumption as [it had] done prior to *Lighting World*, without requiring any heightened evidentiary showing . . . ." *Id.* Accordingly, "[w]hen a claim term lacks the words 'means,'" there is still a presumption that § 112 ¶ 6 does not apply, but "the presumption can be overcome and § 112, para. 6 will apply if the challenger demonstrates that the claim term fails to 'recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Id.* (citation and internal quotations omitted). The standard remains "whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." *Id.* (citation omitted).

In addressing the specific claims at issue, the Federal Circuit in *Williamson* noted that "'[m]odule' is a well-known nonce word that can operate as a substitute for 'means' in the

2

context of § 112, para. 6." *Id.* at 1350. The Court explained that such "[g]eneric terms . . . that reflect nothing more than verbal constructs may be used in a claim in a manner that is tantamount to using the word 'means' because they typically do not connote sufficiently definite structure and therefore may invoke § 112 para. 6." *Id.* (citation and internal quotations omitted). The Federal Circuit ultimately found that the presumption against the application of § 112 ¶ 6 had been overcome, because, as used in the specific claim at issue,[1] "the word 'module' does not provide any indication of structure because it sets forth the same black box recitation of structure for providing the same specified function as if the term 'means' had been used." *Id.*

a. *"Programmable Interface"*

This Court previously construed the term "programmable interface" to mean: "An interface that is able to be directly programmed." (D.I. 92 at 10). In doing so, it rejected Defendants' argument that § 112 ¶ 6 applied, reasoning that "'programmable interface' connotes sufficient structure to one of skill in the art, and both component terms have well understood definitions." (*Id.* at 11). Quoting *Lighting World*, however, the opinion twice referenced the strength of the presumption against the application of §112 ¶ 6, due to the absence of the word "means." (*Id.* at 10–11).

Here, Defendants' argument regarding the "programmable interface" term is rather cursory, and emphasizes that this Court "relied on the then-existing 'strong presumption'" standard [from] *Lighting World*, which *Williamson* overruled." (D.I. 180 at 12). While they concede that the term programmable "might be well understood," Defendants argue it still "does

---

[1] The entire claim limitation at issue in *Williamson* read: "a distributed learning control module for receiving communications transmitted between the presenter and the audience member computer systems and for relaying the communications to an intended receiving computer system and for coordinating the operation of the streaming data module." *Williamson*, 792 F.3d at 1350.

3

not give the claim element sufficient structure." (*Id.*). Plaintiff argues that *Williamson* is of no consequence to the Court's construction of "programmable interface," because *Williamson* did not address any analogous claim language. (D.I. 195 at 19). Additionally, Plaintiff points out that *Williamson*, despite weakening it, nonetheless confirmed that a rebuttable presumption against applying §112 ¶ 6 continues to apply in the absence of the word "means," which Defendants can only overcome by showing that the claim term fails to connote sufficiently definite structure. (*Id.*).

The Court sees no reason to alter its original construction of the term "programmable interface." While the presumption against the application of §112 ¶ 6 is no longer a "strong" one after *Williamson*, it nonetheless remains a presumption that Defendants must affirmatively overcome. *See Williamson*, 792 F.3d at 1349. This Court previously concluded that "both component terms have well understood definitions," and therefore "connote[] sufficient structure to one of skill in the art." (D.I. 92 at 11). Defendants provide no argument that interface is a nonce word that could trigger § 112 ¶ 6, nor do they present any expert testimony to show that the words of the claim would not be understood by persons of ordinary skill in the art as having sufficiently definite structure. Defendants' cursory argument that the admittedly well-understood term "programmable" does not give the claim element sufficient structure, does little—if anything—to meet its burden under *Williamson* of "demonstrat[ing] that the claim term fails to recite sufficiently definite structure or else recites function without reciting sufficient structure for performing that function." *Williamson*, 792 F.3d at 1350 (citation and internal quotations omitted). Accordingly, the mere fact that the Federal Circuit modified the presumption against the application of § 112 ¶ 6 from a strong one to an ordinary one, does not

change the fact that Defendants have failed to overcome this presumption, and the Court declines to change its previous determination as to the "programmable interface" term.[2]

b. "Processing Module"

This Court previously construed the term "processing module" to mean: "Components or units of a computer program." (D.I. 92 at 12). The Court rejected Defendants' argument that the term was a means-plus-function limitation without corresponding structure, and, in doing so, stated that its analysis with regard to "programmable interface" was applicable to this term as well. (*Id.*). The Court did, however, also rely on the decisions of other district courts that had "construed 'module' as connoting sufficient structure to avoid the application of § 112 ¶ 6," in making its determination that § 112 ¶ 6 did not apply. (*Id.* at 13).

Defendants emphasize *Williamson*'s weakening of the presumption against the application of § 112 ¶ 6. (D.I. 180 at 11–12). Defendants argue further that *Williamson* provides a clear directive that "module" is a nonce word that invokes § 112 ¶ 6, and that the word "processing" does not provide sufficient corresponding structure. (*Id.* at 12). They also contend that the claim limitation as a whole is in a format consistent with traditional means-plus-function claim limitations, in that it merely replaces the word "means" with "module" and recites the term's function. (*Id.*). Plaintiff argues that the surrounding claim language "expressly explains how the 'processing module' is able to perform its recited function of authenticating a received incoming transmission—*i.e.*, 'by determining if the at least one transmission contains the coded number.'" (D.I. 195 at 17). Plaintiff asserts that this additional language in the claim limitation

---

[2] Plaintiff also asserts that, since this Court's *Markman* ruling, it has developed "substantial record evidence demonstrating that, in addition to its dictionary definitions, the claim term 'programmable interface' was used in the prior art to designate a general class of structures." (D.I. 195 at 11). Indeed, the expert declaration of Dr. Ray W. Nettleton, while not necessary to reach the Court's present conclusion, appears to lend support to this Court's original determination that the claim term "'programmable interface' connotes sufficient structure to one of skill in the art." (D.I. 92 at 11; D.I. 197 at 5–10).

5

provides sufficient algorithmic structure such that a person of ordinary skill in the art would understand it as using a specific method of authenticating an incoming transmission. (*Id.*). This "simple three-step algorithm," Plaintiff argues, provides a specific, narrowly described manner of authenticating the incoming messages, "[r]ather than trying to capture the multitude of different ways that a received incoming transmission might potentially be authenticated . . . ." (*Id.* at 18).

"Structure," with regard to computer-implemented inventions, most often takes the form of "an algorithm for performing the claimed function." *Williamson*, 792 F.3d at 1352 (citation omitted); *see also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1298–99 (Fed. Cir. 2014). The algorithm must provide "some explanation of how the [claim term] performs the claimed function." *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1384 (Fed. Cir. 2009). This requirement, consistent with the goal of § 112 ¶ 6, is intended to prevent parties from "attempt[ing] to capture any possible means for achieving [an] end." *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1317 (Fed. Cir. 2012). A patentee can express an algorithm "in any understandable terms including as a mathematical formula, in prose, or as a flow chart, or in any other manner that provides sufficient structure." *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1385 (Fed. Cir. 2011) (citation and internal quotations omitted). In the software context, "the patent need only disclose sufficient structure for a person of skill in the field to provide an operative software program for the specified function." *Id.* (citation omitted).

"Structure may [] be provided by describing the claim limitation's operation . . . . [which] is more than just its function; it is how the function is achieved in the context of the invention." *Apple*, 757 F.3d at 1299. The Federal Circuit has held that "[e]ven if a patentee elects to use a 'generic' claim term, such as 'a nonce word or a verbal construct,' properly construing that term

6

... may still provide sufficient structure such that the presumption against means-plus-function claiming remains intact." *Id.* Accordingly, "if a limitation recites a term with a known structural meaning, or recites either a known or *generic term with a sufficient description of its operation*, the presumption against means-plus-function claiming remains intact." *Id.* at 1300 (emphasis added).

Here, it is probably the case that the word "processing" by itself fails to provide sufficient structure in the term "processing module." The Court finds, however, that Defendants have not overcome the presumption that §112 ¶ 6 does not apply. They do not "demonstrate[] that the claim term fails to 'recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Williamson*, 792 F.3d at 1349 (citation omitted)

The entire claim limitation at issue reads:[3]

> a processing module for authenticating an at least one transmission sent from a programming transmitter and received by the programmable communicator device, the at least one transmission including a coded number and at least one telephone number or Internet Protocol (IP) address corresponding to an at least one monitoring device, wherein the processing module authenticates the at least one transmission by determining if the at least one transmission contains the coded number, the processing module authenticating the at least one transmission if the transmission includes the coded number.

(D.I. 1-2 at 12).

Plaintiff, through the Expert declaration of Dr. Ray W. Nettleton, has supported its assertion that the entire claim limitation recites sufficient structure for a person of skill in the art to be "able to write a software program for implementing such an algorithm for use in a wireless data module ...." (D.I. 197 at 5). Dr. Nettleton states: "The surrounding claim language in the

---

[3] In *Williamson*, the Federal Circuit emphasized that analyzing the claim limitation in question requires consideration of the "entire passage" of the claim limitation, rather than simply looking at the principal phrase at issue. *See Williamson*, 792 F.3d at 1350.

7

'processing module' limitation expressly explains how this authenticating function is to be performed. Indeed, the claim language states that the particular manner by which the 'processing module' can carry out authenticating is 'by determining if the at least one transmission contains the coded number.'" (*Id.* at 3). Dr. Nettleton further explains that a person of skill in the art would understand the intrinsic record disclosures "as comprising a simple three-step algorithm." (*Id.* at 5).[4]

Defendants, on the other hand, present no expert testimony to prove that a person of skill in the art would not understand the claim limitation as providing sufficient structure. Rather, Defendants rely on arguments in their brief that "the processing module limitation, as a whole, is in a format consistent with traditional means-plus-function claim limitations" and "[t]he claims do not describe how the module interacts with other components . . . in a way that might . . . impart structure to the module as recited in the claim." (D.I. 180 at 12) (citations internal and quotations omitted) (alterations in original). Tellingly, Defendants do not address the additional claim language which Plaintiff argues provides sufficient algorithmic structure within the claim limitation itself. Defendants do not establish by any evidence—let alone clear and convincing evidence—that the above claim limitation does not provide sufficient algorithmic structure. *See Williamson*, 792 F.3d at 1349. Accordingly, they have failed to overcome the presumption that the claim is not subject to § 112 ¶ 6. *See id.*

In the Court's view, the "processing module" claim limitation is not the type of claim where Plaintiff is trying to "capture any possible means for achieving [an] end." *Noah Sys., Inc.*

---

[4] In pertinent part, Dr. Nettleton explained further:
> A POSITA would appreciate the three steps of this authentication algorithm as being the following: (1) identifying a coded number contained in a received incoming transmission; (2) retrieving a coded number stored locally in memory on the receiving device; and (3) comparing the coded number from the transmission with the coded number retrieved from memory to determine whether they match.

(D.I. 197 at 5).

8

*v. Intuit Inc.*, 675 F.3d 1302, 1317 (Fed. Cir. 2012). Indeed, the claim limitation describes how this authentication process takes place in considerable detail.[5] Here, much like in *Apple*, the limitation recites a "generic term with a sufficient description of its operation, [rendering] the presumption against means-plus-function claiming [] intact." *Apple*, 757 F.3d 1286, 1300 (Fed. Cir. 2014). Despite the fact that the claim recites a function, the immediately following words provide algorithmic structure for performing that function. (D.I. 1-2 at 12). Accordingly, even under the presumption as understood after *Williamson*, Defendants have not met their burden of overcoming the presumption that § 112 ¶ 6 does not apply, because they do not demonstrate that "the claim term fails to recite sufficiently definite structure or else recites function without reciting sufficient structure for performing that function." *Williamson*, 792 F.3d at 1349 (citation and internal quotations omitted).

---

[5] Following the language reciting the function of the "processing module," the claim limitation recites the following explanation of the algorithmic structure for performing that function:
> the at least one transmission including a coded number and at least one telephone number or Internet Protocol (IP) address corresponding to an at least one monitoring device, wherein the processing module authenticates the at least one transmission by determining if the at least one transmission contains the coded number, the processing module authenticating the at least one transmission if the transmission includes the coded number.

(D.I. 1-2 at 12).

By contrast, the entirety of the claim limitation at issue in *Williamson* consisted of "distributed learning control module" and three separate statements written in means-plus-function fashion: "[1] for receiving communications transmitted between the presenter and the audience member computer systems and [2] for relaying the communications to an intended receiving computer system and [3] for coordinating the operation of the streaming data module." *Williamson*, 792 F.3d at 1350.

After having considered the submissions of the parties and hearing oral argument on this matter, IT IS HEREBY **ORDERED** that, as used in the asserted claims of U.S. Patent No. 8,094,010 ("'010 patent"):

1. The term "a programmable interface" is construed to mean "an interface that is able to be directly programmed."

2. The term "processing module" is construed to mean "components or units of a computer program."

It is SO ORDERED this 2 day of October, 2015.

/s/ Michael G. Andrews
United States District Judge